**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

COMFORT WHEELS INC.,

                              Plaintiff,          Civil Action No. _____

        v.

SHENZHEN MIRUISI TECHNOLOGY CO.,
LTD.,

                              Defendant.

## COMPLAINT

Plaintiff Comfort Wheels Inc. ("CWI" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Shenzhen Miruisi Technology Co., Ltd. ("Miruisi" or "Defendant"), states as follows:

### NATURE OF THE ACTION

1.      Through inequitable conduct, Defendant improperly obtained a United States design patent, D892,010 (the "'010 Patent") that claims the ornamental design of a vehicle visor that was on sale for more than four (4) years before the application for the '010 Patent was filed. (A copy of the '010 Patent is attached hereto as Exhibit 1).

2.      Even though Defendant, upon information and belief, knew that vehicle visors bearing the design claimed in the '010 Patent were on sale for years prior to the '010 Patent's priority date, Defendant illegally and improperly failed to disclose this information to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '010 Patent.

3.      After obtaining the '010 Patent, Defendant, upon information and belief, knowing that the '010 Patent was invalid and unenforceable, began asserting the patent against CWI by

submitting a notice of infringement to Amazon.com ("Amazon"), which caused CWI's Amazon listing for a vehicle visor to be taken down, causing a resultant loss of business to CWI.

4.      Plaintiff CWI, an online retailer of vehicle visors, among other things, brings this action for a judgment declaring that the '010 Patent is invalid and obtained by inequitable conduct, and to recover its damages caused by Defendant's illegal and improper conduct.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. §§ 1331, 1338, and 1367.

6.      The Court has personal jurisdiction over Defendant pursuant to 35 U.S.C. § 293, which provides that, in cases involving a "patentee not residing in the United States," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."

7.      Upon information and belief, Defendant is the owner and assignee of the '010 Patent and, as a Chinese corporation, is a "patentee not residing in the United States" under 35 U.S.C. § 293.  Upon information and belief, Defendant has not provided "a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder." 35 U.S.C. § 293. Thus, Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.  Venue is also proper under 28 U.S.C. § 1391(c)(3) because a defendant that does not reside in the United States may be sued in any judicial district.

## THE PARTIES

9.    Plaintiff CWI is a corporation formed under the laws of the state of New York with a place of business at 234 Lee Avenue, #8, Brooklyn, New York 11206.

10.    Upon information and belief, Defendant Miruisi is a limited liability company formed under the laws of China with a place of business at Room 3629, Bingjiang Building No.14 Badeng Street, Nanyuan, Futian, Shenzhen China.

## PLAINTIFF AND ITS BUSINESSES

11.    CWI is an online retailer of a wide variety of products. Among the online platforms that CWI uses to offer and sell its products is the Amazon Marketplace.

12.    The Amazon Marketplace is an online e-commerce platform that allows for third parties like CWI to sell products on that platform.

13.    CWI offers a wide variety of products on Amazon's Marketplace, including vehicle visors.

14.    Upon information and belief, Amazon is the world's largest online retailer.

15.    The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties like CWI with exposure to the world marketplace on a scale that no other online retailer can currently provide.

16.    At all relevant times, CWI has had a contractual and business relationship with Amazon, such that CWI is permitted to sell its products on Amazon's e-commerce platform.

17.    A significant portion of CWI's business is derived from the sale of products on the Amazon platform.

18.    Any harm that comes to the relationship between CWI and Amazon creates a potential for serious and irreparable injury to CWI.

**CWI'S VEHICLE VISORS**

19.    CWI has been selling vehicle visors online since at least July 2014. True and correct copies of photographs of the vehicle visor that CWI has sold since 2014 are attached hereto as Exhibit 2 (the "CWI Visor").

20.    CWI has offered for sale the CWI Visor on eBay since July 9, 2014. True and correct copies of the eBay listing details and purchase history for the CWI Visor are attached hereto as, respectively, Exhibits 3 and 4.

21.    CWI offered the CWI Visor for sale on Amazon from approximately July 2014 until on or about January 29, 2021, when the listing for that product was taken down as a result of the Defendant's illegal and improper conduct described herein.

**THE '010 PATENT**

22.    On November 19, 2018, Defendant filed the application for the '010 Patent with the USPTO (the "Application").

23.    The Application identified Longwu Tan ("Tan") as the inventor of the design claimed in the application for the '010 Patent.

24.    Upon information and belief, Tan is a director of Defendant.

25.    In connection with the Application, Tan signed a declaration pursuant to 37 C.F.R. § 1.63 stating, in part, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application" (the "Declaration").

26.    Upon information and belief, at all relevant times, Tan and Defendant knew that Tan was not the original inventor or an original joint inventor of a claimed invention in the Application.

27.    Upon information and belief, prior to filing the Application, Tan and Defendant knew that prior to November 19, 2017, third parties such as CWI were selling vehicle visors bearing the design claimed in the Application.

28.    Upon information and belief, during the prosecution of the Application, Tan and Defendant knew that prior to November 19, 2017, third parties such as CWI were selling vehicle visors bearing the design claimed in the Application.

29.    During the prosecution of the '010 Patent, neither Tan, Defendant nor their attorneys disclosed to the USPTO that third parties were selling vehicle visors bearing the design claimed in the Application prior to November 19, 2017.

30.    The '010 Patent, entitled "Vehicle Visor," issued on August 4, 2020. The '010 Patent claims the ornamental design of a vehicle visor that is identical in all respects to the design of the CWI Visor sold by CWI on eBay since July 9, 2014, and on Amazon since approximately July 2014.

<strong>DEFENDANT'S ILLEGAL CONDUCT</strong>

31.    As demonstrated below, Defendant has engaged in a course of conduct designed to preclude CWI from selling the CWI Visor by making false and defamatory allegations of intellectual property infringement.

32.    Upon information and belief, Defendant either sells vehicle visors on e-commerce platforms such as Amazon, or sells vehicle visors to third parties who resell them on the Amazon platform.

33.    Upon information and belief, Defendant competes with CWI with respect to sales of vehicle visors.

34.    Upon information and belief, the purpose of the false complaint that Defendant made to Amazon regarding the CWI Visor was, and is, to injure competitors such as CWI by

causing Amazon to take down CWI's listing for the CWI Visor, and to otherwise damage CWI's sales, reputation and goodwill.

35.     Because the '010 Patent is unenforceable as it was obtained through inequitable conduct and is otherwise invalid, Defendant has no legitimate intellectual property claim against CWI.

36.     It is well-known among intellectual property owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

37.     As one Amazon expert has previously explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

38.     It is well known that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing

reinstated, even if the seller demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

39.    On the occasions that Amazon does reinstate a product listing, it can take Amazon weeks to do so.

40.    Upon information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

41.    Upon information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports that a product infringes a design patent, regardless of the truth of the report.

42.    Upon information and belief, Defendant was, at all relevant times, aware that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

43.    Upon information and belief, on or about January 29, 2021, Defendant, acting through its agent Luke Wei ("Wei"), filed or caused to be filed a complaint with Amazon which alleged that the CWI Visor infringed the '010 Patent (the "Report").

44.    Upon information and belief, at all relevant times, Defendant knew that such allegations were false.

45.    The Report submitted to Amazon was signed by Wei under penalty of perjury.

46.    When submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited April 16, 2021).

47.    The Report caused Amazon to take down CWI's listing for the CWI Visor.

48.    Upon information and belief, at all relevant times, Defendant has known that the '010 Patent is invalid and unenforceable.

49.    Upon information and belief, Defendant's defamatory allegations that the CWI Visor infringed the '010 Patent were knowingly false and made in bad faith, and with the intent to damage CWI.

50.    As a result of the above false Report, CWI's Amazon listing for the CWI Visor was taken down, resulting in an immediate loss of revenue and profits for CWI.

51.    At no time has CWI infringed the '010 Patent.

52.    Upon information and belief, Defendant knowingly made a false intellectual property rights complaint against CWI.

53.    Upon information and belief, the true purpose of the Report was to ensure the removal of CWI's listing for the CWI Visor, and to control pricing and eliminate fair competition in the vehicle visor market.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement and Patent Invalidity)

54.    CWI repeats and realleges the allegations of Paragraphs 1–53 as if fully set forth herein.

55.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

56.     There exists an actual and justiciable controversy between CWI and Defendant with respect to the alleged validity of the '010 Patent due to the assertion of the '010 Patent against CWI.

57.     The '010 Patent is invalid for failure to comply with at least 35 U.S.C. § 102(a) in view of, among other things, the offering for sale of the CWI Visor prior to November 19, 2017.

58.     In view of the foregoing, CWI is entitled to a judgment declaring that the '010 Patent is invalid under at 35 U.S.C. § 102, and that the CWI Visor does not infringe the '010 Patent.

### SECOND CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement and Unenforceability)**

59.     CWI repeats and realleges the allegations of Paragraphs 1–58 as if fully set forth herein.

60.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

61.     There exists an actual and justiciable controversy between CWI and Defendant with respect to the alleged enforceability of the '010 Patent due to the assertion of the '010 Patent against CWI.

62.     Upon information and belief, before and during the prosecution of the '010 Patent, Defendant and Tan knew of the CWI Visor.

63.     During the prosecution of the '010 Patent, Defendant failed to disclose the CWI Visor to the USPTO.

64.     Upon information and belief, Defendant's failure to disclose the CWI Visor to the USPTO was intentional.

65.     Upon information and belief, at all relevant times, Defendant knew that the CWI Visor was material because it rendered the design claimed in the '010 Patent unpatentable.

66.     Upon information and belief, Defendant failed to disclose the CWI Visor to the USPTO with an intent to deceive because Defendant deliberately wanted to hide the fact that the design claimed in the '010 Patent was unpatentable in view of the CWI Visor.

67.     Upon information and belief, had the USPTO been aware of the CWI Visor during the prosecution of the '010 Patent, it would not have allowed the '010 Patent to issue.

68.     Upon information and belief, because Defendant failed to disclose the CWI Visor, the USPTO allowed the '010 Patent to issue.

69.     In view of the foregoing, CWI is entitled to a judgment declaring that the '010 Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable, and that the CWI Visor does not infringe the '010 Patent.

**THIRD CAUSE OF ACTION**
**(Tortious Interference with Contract and Business Relations)**

70.     CWI repeats and realleges the allegations of Paragraphs 1–69 as if fully set forth herein.

71.     CWI has had an advantageous business relationship with Amazon, which allows CWI to sell on Amazon's e-commerce platform as a third-party seller.

72.     CWI also has a contractual relationship with Amazon, including through the Amazon Business Services Agreement.

73.     At all relevant times, Defendant was aware of CWI's business relationship with Amazon, as well as its contractual relationship with Amazon.

74. At all relevant times, Defendant was aware of the terms and conditions of CWI's contract with Amazon, as well as the advantageous business relationship that comes with being an Amazon Marketplace seller.

75. Defendant intentionally and improperly interfered with CWI's advantageous and contractual relationship with Amazon by falsely claiming, with knowledge of such falsity, in writing, to Amazon, that CWI was selling infringing products.

76. Defendant's conduct directly and proximately caused disruption of CWI's relationship and contract with Amazon.

77. Defendant intended to cause Amazon to remove CWI's listing for the CWI Visor on Amazon, and therefore to interfere with CWI's business relationship with Amazon.

78. Defendant had actual knowledge that its actions would cause Amazon to remove CWI's listing for the CWI Visor.

79. Defendant's defamatory accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

80. Defendant's actions interfered with CWI's business relationship with Amazon and proximately caused CWI's Amazon listing for the CWI Visor to be taken down.

81. Defendant's Report regarding the CWI Visor sold by CWI was defamatory, made maliciously and with the intent to interfere with CWI's business relationship with Amazon.

82. CWI has been damaged by the removal of its listing for the CWI Visor in that it lost, and continues to lose, revenue and profits related to the CWI Visor.

83. CWI is entitled to damages, costs and attorneys' fees as allowed by law.

84. Defendant's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

85.     CWI has suffered injury and, unless Defendant is enjoined from such activity, CWI will continue to suffer injury.

## FOURTH CAUSE OF ACTION
### (Defamation)

86.     CWI repeats and realleges the allegations of Paragraphs 1–85 as if fully set forth herein.

87.     Defendant published false statements to Amazon regarding CWI as described in this Complaint, including by sending the Report to Amazon alleging that CWI infringed the '010 Patent with the intent to injure CWI.

88.     CWI did not infringe the '010 Patent.

89.     Defendant's false statements were injurious to CWI's business because they caused Amazon to suspend CWI's selling privileges related to the CWI Visor.

90.     Defendant's false statements were injurious to CWI's business because they caused Amazon's and CWI's customers to avoid purchasing products from CWI.

91.     Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that the '010 Patent was unenforceable.

92.     Defendant's false statements are not protected by any privilege.

93.     Defendant acted with actual malice, or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and CWI's customers.

94.     False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation *per se*.

95.     The statements made by Defendant were defamatory *per se*.

96.     Additionally, CWI incurred special harm, including, but not limited to, suspension

from selling the CWI Visor and damage to CWI's relationship with Amazon and its customers.

97. Whether by defamation *per se* or by special harm, CWI has suffered injury as CWI's selling privileges related to the CWI Visor have been suspended and CWI has lost sales of the CWI Visor and other products.

98. CWI is entitled to damages, costs, and attorneys' fees as allowed by law.

99. As a result of the defamatory statements made by Defendant, CWI has been damaged in an amount to be determined at trial.

100. Defendant's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

101. CWI has suffered irreparable injury and, unless Defendant is enjoined from such activity, will continue to suffer irreparable injury.

### PRAYER FOR RELIEF

**WHEREFORE**, CWI demands judgment as follows:

A. Declaring that (1) the '010 Patent is invalid and unenforceable and (2) that CWI has not infringed the '010 Patent;

B. Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from filing false complaints with Amazon, and any other e-commerce platform, regarding the CWI Visor;

C. Declaring this action an exceptional case under 35 U.S.C. § 285;

D. Awarding CWI its damages caused by Defendant's tortious actions;

E. Awarding CWI punitive damages;

F. Awarding CWI its attorney's fees and costs incurred in this Action; and

G. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury.


Dated: May 3, 2021                              Respectfully submitted,


                                                 */s/ Craig C. Reilly*
OF COUNSEL:                                     Craig C. Reilly (Va. Bar No. 20942)
Tuvia Rotberg                                   THE OFFICE OF CRAIG C. REILLY, ESQ.
Sandra A. Hudak                                 209 Madison Street, Suite 501
TARTER KRINSKY & DROGIN LLP                     Alexandria, VA 22314
1350 Broadway                                   Tel.:    (703) 549-5354
New York, NY  10018                             Fax:     (703) 549-5355
Tel.:    (212) 216-8000                         E-mail: craig.reilly@ccreillylaw.com
Fax:     (212) 216-8001
E-mail: trotberg@tarterkrinsky.com
         shudak@tarterkrinsky.com

                                                *Attorneys for Plaintiff Comfort Wheels Inc.*


- 14 -