**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| COMFORT WHEELS INC., <br><br>                Plaintiff, <br><br>     v. <br><br> SHENZHEN MIRUISI TECHNOLOGY CO., LTD., <br><br>                Defendant. | No. 1:21-cv-00556-TSE-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   PROCEDURAL BACKGROUND.........................................................................2

III.  STATEMENT OF FACTS .....................................................................................3

      A.    Plaintiff and Its Prior Art Vehicle Visor ..................................................3

      B.    Defendant and the '010 Patent...................................................................4

      C.    Defendant's Assertion of the '010 Patent Against CWI...........................5

IV.   LEGAL STANDARD.............................................................................................5

V.    ARGUMENT..........................................................................................................5

      A.    This Court Has Jurisdiction Over Defendant............................................6

            1.    This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C.
                  § 1338(a) and the Declaratory Judgment Act ...............................6

            2.    This Court Has Personal Jurisdiction Over Defendant Pursuant to 35
                  U.S.C. § 293......................................................................................9

            3.    Defendant Was Served and Such Service Was Proper. ...............9

      B.    The '010 Patent Is Invalid Under 35 U.S.C. § 102 ...............................10

            1.    Legal Standard for Determining Anticipation under 35 U.S.C. § 102 ......10

            2.    The Design Claimed by the '010 Patent Is Substantially Similar to the
                  CWI Visor ......................................................................................12

VI.   CONCLUSION.....................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amini Innovation Corp. v. Anthony Cal., Inc.*,
439 F.3d 1365 (Fed. Cir. 2006)............................................................................10, 11

*Carfax, Inc. v. Red Mountain Techs.*,
119 F. Supp. 3d 404 (E.D. Va. 2015) ....................................................................6, 7, 8

*Colida v. Sony Corp.*,
70 F.3d 130 (Fed. Cir. 1995)....................................................................................12

*Cooper v. Greenly Grp. for Solar Techs., Ltd.*,
No. 1:17-CV-1313-LMB-MSN,
2018 WL 1885507 (E.D. Va. Mar. 23, 2018),
*report and recommendation adopted*,
2018 WL 1875291 (E.D. Va. Apr. 18, 2018). ...........................................................10

*Cooper v. Greenly Grp. for Solar Techs.*, Ltd.,
No. 1:17-CV-1313-LMB-MSN,
2018 WL 1875291 (E.D. Va. Apr. 18, 2018) .......................................................9, 10

*Crocs, Inc. v. Int'l Trade Comm'n*,
598 F.3d 1294 (Fed. Cir. 2010)................................................................................12

*Door-Master Corp. v. Yorktowne, Inc.*,
256 F.3d 1308 (Fed. Cir. 2001)................................................................................11

*Dror v. Kenu, Inc.*,
No. 19-CV-03043-LB,
2019 WL 5684520 (N.D. Cal. Nov. 1, 2019) .............................................................8

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
543 F.3d 665 (Fed. Cir. 2008) (en banc).............................................................11, 12

*GlobalSantaFe Corp. v. Globalsantafe.com*,
250 F. Supp. 2d 610 (E.D. Va. 2003) .........................................................................5

*Gorham Co. v. White*,
81 U.S. 511 (1871)...................................................................................................11

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
589 F.3d 1233 (Fed. Cir. 2010)...........................................................................11, 16

*Medlmmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)...................................................................................................6

*In re Omeprazole Patent Litig.*,
    483 F.3d 1364 (Fed. Cir. 2007)..............................................................................11

*Six Hogs, LLC v. Doe*,
    No. 4:20-CV-00338-KGB,
    2020 WL 7015594 (E.D. Ark. Apr. 29, 2020)..........................................................8

*Wah Hung Int'l Mach., Inc. v. Valley Custom Tire, Inc.*,
    No. CV 11-4178 RSWL (PLAx),
    2013 WL 12141344 (C.D. Cal. Jan. 17, 2013) .......................................................11

**Statutes**

28 U.S.C. § 1338(a) ........................................................................................................6

28 U.S.C. § 1391(b)(3) ...................................................................................................9

28 U.S.C. § 2201(a) ........................................................................................................6

28 U.S.C. § 2202............................................................................................................6

35 U.S.C. § 102................................................................................................... *passim*

35 U.S.C. § 171............................................................................................................10

35 U.S.C. § 293.....................................................................................................2, 9, 10

**Other Authorities**

Fed. R. Civ. P. 8(b)(6)....................................................................................................5

Fed. R. Civ. P. 12(a)(1)(A)(i) ........................................................................................3

Fed. R. Civ. P. 55.....................................................................................................1, 2, 5

U.S Constitution, Article III ...........................................................................................6

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff Comfort Wheels Inc. ("Plaintiff" or "CWI"), by and through its undersigned counsel, hereby submits this memorandum in support of its motion for an entry of final default judgment against Defendant Shenzhen Miruisi Technology Co., Ltd. ("Defendant" or "Miruisi").

## I.    INTRODUCTION

CWI seeks a declaratory judgment finding that United States Design Patent No. D892,010 (the "'010 Patent")—which claims the ornamental design of a vehicle visor—is invalid pursuant to 35 U.S.C. § 102.

As detailed in its Complaint (ECF No. 1, "Compl."), Defendant obtained the '010 Patent by inequitable conduct.  Patent rights are only available to true inventor(s) of claimed subject matter and, even then, are not available if "the claimed invention was . . . on sale, or otherwise available to the public before the effective filing date of the claimed invention."  35 U.S.C. § 102(a).  Thus, the '010 Patent is invalid because it claims the exact same design that CWI has been selling since at least July 2014.  (Compl. ¶¶ 19–21.)

| **'010 Patent** | **CWI Visor** |
| --- | --- |



FIG. 1

1

Defendant knew that the CWI Visor had been on sale for more than four years before the application for the '010 Patent was filed, but improperly failed to disclose this prior art product to the United States Patent and Trademark Office ("USPTO") during prosecution of the application. (Compl. ¶¶ 1–2, 27–29.)  Then, after obtaining the '010 Patent by concealing CWI's prior art vehicle visor, Defendant used the '010 Patent against CWI to bar sales of CWI's products.  (*Id.* ¶¶ 3, 31, 49.) Specifically, Defendant submitted a false report to Amazon contending that CWI's products infringe the '010 Patent.  (*Id.* ¶¶ 3, 43.) As a result of Defendant's false report, CWI's Amazon listing for a vehicle visor was taken down, causing a resultant loss of business to CWI. (*Id.* ¶¶ 3, 47, 50.)

Accordingly, CWI brought this action seeking, *inter alia*, a declaratory judgment of invalidity as to the '010 Patent.  For the reasons stated in greater detail below, and because the record in this case demonstrates that Defendant has failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this Court enter an Order finding that the '010 Patent is invalid pursuant to 35 U.S.C. § 102.[1]

## II.   PROCEDURAL BACKGROUND

On May 3, 2021, CWI filed the Complaint against Defendant, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability as to the '010 Patent, along with related tort claims.  (*See* ECF No. 1, "Compl.")  This Court authorized service by email and publication on May 12, 2021, pursuant to 35 U.S.C. § 293.  (ECF No. 6.)  Specifically, the Court directed CWI to serve Defendant by: (i) emailing a copy of the Summons and Complaint to five

---

[1] For the purposes of this motion for default judgment only and not by way of waiver, Plaintiff seeks default judgment against Defendant only as to its first cause of action for declaratory judgment claim for invalidity under 35 U.S.C. § 102.  To the extent the Court is inclined to grant default judgment on this claim, Plaintiff will withdraw its second, third, and fourth causes of action (i.e., claims for a declaratory judgment for patent unenforceability, tortious interference with contract and business relations, and defamation) without prejudice.

2

email addresses known to be associated with Defendant and (ii) publishing a single notice of this action in *The Washington Post*. (*Id.*) CWI did so on May 17, 2021. (See ECF No. 9 ¶¶ 2, 5.) Pursuant to Rule 12(a)(1)(A)(i), Defendant was required to serve an answer within 21 days after being served with the Summons and Complaint, i.e., by June 7, 2021. Defendant failed to answer in the required time-period, or at all. Accordingly, CWI requested that the Clerk of this Court enter default (ECF No. 10), and the Clerk did so on July 12, 2021 (ECF No. 12).

## III.    STATEMENT OF FACTS

### A.    Plaintiff and Its Prior Art Vehicle Visor

Plaintiff CWI is a New York corporation, and an online retailer of a wide variety of products. (Compl. ¶¶ 9, 11.) Among the online platforms that CWI uses to offer and sell its products is the Amazon Marketplace. (*Id.* ¶ 11.) A significant portion of CWI's business is derived from the sale of products on the Amazon platform. (*Id.* ¶ 17.) CWI offers a wide variety of products on Amazon's Marketplace, including vehicle visors. (*Id.* ¶ 13.) CWI has been selling vehicle visors online since at least July 2014. (*Id.* ¶ 19.) Exhibit 2 to the Complaint includes photographs of the vehicle visor that CWI has sold since 2014 (the "CWI Visor"):



(ECF No. 1-2.) CWI has offered for sale the CWI Visor on eBay since July 9, 2014. (Compl. ¶ 20.) Exhibits 3 and 4 to the Complaint include copies of the eBay listing details and purchase history for the CWI Visor. (ECF Nos. 1-3 & 1-4.)

CWI offered the CWI Visor for sale on Amazon from approximately July 2014 until on or about January 29, 2021, when the listing for that product was taken down as a result of the Defendant's illegal and improper conduct described in the Complaint. (Compl. ¶ 21.)

**B.    Defendant and the '010 Patent**

Defendant Miruisi is a Chinese limited liability company with a place of business in Shenzhen, China. (Compl. ¶ 10.) On November 19, 2018, Defendant filed the application for the '010 Patent with the USPTO (the "Application"). (Compl. ¶ 22.) Prior to filing and during the prosecution of the Application, Defendant knew that third parties such as CWI had been selling vehicle visors bearing the design claimed in the Application for more than a year (i.e., since November 19, 2017 and before). (*Id.* ¶¶ 27–28.)

Notwithstanding, during the prosecution of the '010 Patent, neither Defendant nor its attorneys disclosed to the USPTO that third parties were selling vehicle visors bearing the design claimed in the Application prior to November 19, 2017. (*Id.* ¶ 29.) The '010 Patent issued on August 4, 2020. (*Id.* ¶ 30.) The '010 Patent claims the ornamental design of a vehicle visor that is identical in all respects to the design of the CWI Visor sold by CWI on eBay since July 9, 2014, and on Amazon since approximately July 2014. (*Id.*; ECF No. 1-1.)



FIG. 1          FIG. 2          FIG. 3

4

### C.      Defendant's Assertion of the '010 Patent Against CWI

After obtaining the '010 Patent, on or about January 29, 2021, Defendant filed a complaint with Amazon which alleged that the CWI Visor infringed the '010 Patent (the "Report").  (Compl. ¶ 43.)  The Report caused Amazon to take down CWI's listing for the CWI Visor, resulting in an immediate loss of revenue and profits for CWI.  (*Id.* ¶¶ 47, 50.)  At no time has CWI infringed the '010 Patent, because the '010 Patent is invalid for failure to comply with at least 35 U.S.C. § 102(a) in view of CWI's sale of the CWI Visor prior to November 19, 2017.  (*Id.* ¶¶ 51, 57.)

The true purpose of the Report was to ensure the removal of CWI's listing for the CWI Visor, and with the intent to damage CWI.  (*Id.* ¶¶ 31, 34–42, 44, 48–49, 52.)  Defendant competes with CWI with respect to sales of vehicle visors, and submitted the Report and to control pricing and eliminate fair competition in the vehicle visor market.  (*Id.* ¶¶ 32–33, 53.)

## IV.     LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that a default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  If a responsive pleading is required and no response is made, the allegations in a plaintiff's complaint are deemed true.  *See* Fed. R. Civ. P. 8(b)(6); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").

## V.      ARGUMENT

As set forth below, this Court has both subject matter and personal jurisdiction, and Plaintiff's allegations satisfy the elements of the claims it has alleged. Thus, because Defendant has failed to appear or respond, Plaintiff respectfully submits that it is entitled to a default judgment.

A.    **This Court Has Jurisdiction Over Defendant**

1.    **This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1338(a) and the Declaratory Judgment Act**

The Court has subject matter jurisdiction over this action—seeking a declaratory judgment that the '010 Patent is invalid—pursuant to 28 U.S.C. §§ 1338(a), 2201(a), and 2202. (Compl. ¶ 5.)

Federal district courts "have original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Further, "[t]he Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that district courts 'may declare the rights and other legal relations of any interested party seeking such declaration.'" *Carfax, Inc. v. Red Mountain Techs.*, 119 F. Supp. 3d 404, 417 (E.D. Va. 2015).[2]

For the Court to have jurisdiction to issue a declaratory judgment, the dispute must be a "case or controversy" within the confines of Article III of the United States Constitution. *Id.* (citing *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990)). "The dispute must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Carfax*, 119 F. Supp. 3d at 417–18; *see also Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

"In the Fourth Circuit, it is well established that a declaratory judgment is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and

---

[2] All internal citations, quotations, and modifications omitted herein unless otherwise indicated. In addition, all emphasis is added herein.

. . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Carfax*, 119 F. Supp. 3d at 417–18. "In the patent context, 'a specific threat of infringement litigation by the patentee is not required to establish jurisdiction.'" *Id.* (quoting *ABB Inc. v. Cooper Indus.*, LLC, 635 F.3d 1345, 1348 (Fed. Cir. 2011). "It is the reality of the threat of injury that is relevant to the standing inquiry." *Carfax*, 119 F. Supp. 3d at 418 (citing *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338–39 (Fed. Cir. 2008).

Here, there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. CWI has been selling the CWI Visor since 2014. (Compl. ¶¶ 19–21.) However, Defendant has interfered with CWI's ability to sell the CWI Visor on Amazon—the world's largest online retailer—by submitting a report to Amazon alleging that the CWI Visor infringes the '010 Patent. (*Id.* ¶¶ 14–15, 21.) As a result of Defendant's false report, which is based on an invalid patent obtained by inequitable conduct, CWI has been unable to sell the CWI Visor on this highly advantageous sales channel. (*Id.* ¶¶ 47, 50.) Absent an order from this Court declaring the '010 Patent invalid, CWI will be unable to resume sales of the CWI Visor on Amazon and will be forced to operate under the uncertainty of further infringement assertions by Defendant on other sales platforms (e.g., eBay) or in litigation. (*See id.* ¶¶ 34, 44, 53.) Thus, the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests, and this Court has the power to grant the specific relief sought to resolve this controversy.

In addition to determining whether there is a sufficient case or controversy for constitutional standing—the "constitutional" inquiry—the Court must also be satisfied that declaratory relief is appropriate—the "prudential" inquiry. *Carfax*, 119 F. Supp. 3d at 417. "In the patent context the Declaratory Judgment Act addresses those competitors previously victim 'to patent owner attempts at extra-judicial patent enforcement with scare-the-customer-and-run tactics

7

that infect the competitive environment of the business community with uncertainty and insecurity.'" *Id.* at 418 (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734–35 (Fed. Cir. 1988)).

As explained in the Complaint, "[i]t is well-known among intellectual property owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not." (Compl. ¶¶ 36-37.) Amazon's policy of "tak[ing] claims of IP infringement seriously," was presumably made to limit Amazon's own liability for potential contributory infringement claims. *See Intellectual Property Policy for Sellers*, https://sellercentral.amazon.com/gp/help/external/201361070 (last accessed on June 27, 2021).

Here, Amazon did in fact remove CWI's listing for its CWI Visor after Defendant submitted its Report asserting that the CWI infringes the '010 Patent. Courts regularly find that such extra-judicial patent enforcement creates subject matter jurisdiction over declaratory judgment claims for patent invalidity. *See, e.g.*, *Six Hogs, LLC v. Doe*, No. 4:20-CV-00338-KGB, 2020 WL 7015594, at *3 (E.D. Ark. Apr. 29, 2020) (finding that defendant's reports to Amazon that plaintiff's product infringes defendant's patent establishes subject-matter jurisdiction over plaintiff's declaratory judgment claim for patent invalidity); *Dror v. Kenu, Inc.*, No. 19-CV-03043-LB, 2019 WL 5684520, at *8 (N.D. Cal. Nov. 1, 2019) (finding an adequate case or controversy based on Amazon reports of patent infringement because would either redress plaintiff's injury of the takedown of plaintiff's Amazon listing or "remove at least one hurdle to [plaintiff's] doing so by removing [defendant]'s infringement claim as a basis for Amazon's refusing to list [plaintiff's product]"); *cf. Carfax*, 119 F. Supp. 3d at 419 ("A supplier has standing to commence a declaratory judgment action when a patent holder accuses the supplier's customers of direct infringement based on the sale or use of the supplier's 'equipment' if the supplier is obligated to indemnify its

customers from infringement liability.").  The Court likewise has subject matter jurisdiction here to terminate and afford relief from the uncertainty, insecurity, and controversy of the extra-judicial patent enforcement giving rise to this proceeding.

### 2.    This Court Has Personal Jurisdiction Over Defendant Pursuant to 35 U.S.C. § 293.

The Court has personal jurisdiction over Defendant pursuant to 35 U.S.C. § 293, which provides that, in cases involving a "patentee not residing in the United States," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."

Defendant is the owner and assignee of the '010 Patent and, as a Chinese corporation, is a "patentee not residing in the United States" under 35 U.S.C. § 293.  (Compl. ¶ 7.)  Defendant has not provided "a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder" pursuant to 35 U.S.C. § 293.  (*Id.*)  Thus, Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.  *See, e.g.*, *Cooper v. Greenly Grp. for Solar Techs.*, Ltd., No. 1:17-CV-1313-LMB-MSN, 2018 WL 1875291, at *1 (E.D. Va. Apr. 18, 2018) (finding personal jurisdiction over foreign patent owner pursuant to 35 U.S.C. § 293).

Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this Court.  *Id.*

### 3.    Defendant Was Served and Such Service Was Proper.

Under 35 U.S.C. § 293, service on foreign patent holders may be made "by publication or otherwise as the court directs."  On May 6, 2021, CWI moved the Court for permission to serve Defendant by email or, in the alternative, by email and publication of a single notice in *The Washington Post*.  (ECF No. 4.)  CWI explained that, in similar circumstances, this Court has

9

consistently granted leave to serve process by alternative means pursuant to 35 U.S.C. § 293. (*See*

ECF No. 5 at 4 (collecting cases).)

On May 12, 2021, this Court granted CWI's motion for alternative service pursuant to 35

U.S.C. § 293, and directed CWI to serve Defendant by: (i) emailing a copy of the Summons and

Complaint to five email addresses known to be associated with Defendant and (ii) publishing a

single notice of this action in *The Washington Post*. (ECF No. 6.) CWI effected service by such

methods on May 17, 2021. (See ECF No. 9 ¶¶ 2, 5.) Thus, Defendant was served, and service

was proper. *See, e.g.*, *Cooper v. Greenly Grp. for Solar Techs., Ltd.*, No. 1:17-CV-1313-LMB-

MSN, 2018 WL 1885507, at *2 (E.D. Va. Mar. 23, 2018) ("Because Plaintiff complied with this

Court's requirements for service, she is found to have properly served the Complaint on Defendant

pursuant to 35 U.SC. § 293 and Federal Rule of Civil Procedure 4(h)(1)(B)."), *report and

recommendation adopted*, 2018 WL 1875291 (E.D. Va. Apr. 18, 2018).

> **B.    The '010 Patent Is Invalid Under 35 U.S.C. § 102**

> **1.    Legal Standard for Determining Anticipation under 35 U.S.C. § 102**

Design patents are issued to whoever "invents any new, original and ornamental design for

an article of manufacture." 35 U.S.C. § 171. "A design patent protects the non-functional aspects

of an ornamental design as seen as a whole and as shown in the patent." *Amini Innovation Corp.

v. Anthony Cal., Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006). An invention may not be patented if

it "was patented, described in a printed publication, or in public use, ***on sale***, or otherwise available

to the public ***before the effective filing date of the claimed invention***." 35 U.S.C. § 102(a)(1).

"Lack of novelty, or 'anticipation' in patent-ese, means that the subject matter was previously

known in terms of 35 U.S.C. § 102." *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1377 (Fed.

Cir. 2007) (Newman, J., concurring-in-part).

In determining whether a patent is anticipated, the Court first construes the claimed design, if appropriate, and then compares the claimed design to the prior art. *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001). When courts compare the claimed design to the prior art, they apply the "ordinary observer" test. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237–40 (Fed. Cir. 2010); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). That is:

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White*, 81 U.S. 511, 528 (1871). In the case of anticipation, the patented design is compared with the alleged anticipatory reference. *Int'l Seaway*, 589 F.3d at 1238. "[T]he ordinary observer is deemed to view the differences between the patented design and [anticipatory] product in the context of the prior art." *Egyptian Goddess*, 543 F.3d at 676; *see Int'l Seaway*, 589 F.3d at 1239. Furthermore, the "proper inquiry" is "whether the [anticipatory] design has appropriated the claimed design as a whole." *Egyptian Goddess*, 543 F.3d at 677; *see Amini Innovation*, 439 F.3d at 1371 ("It is noteworthy, however, that the deception that arises is a result of the similarities in the overall design, not of similarities in ornamental features in isolation.").

Minor differences between the claimed design and the prior art reference do not preclude a finding of invalidity if an ordinary observer would find that the two designs are substantially the same. *See, e.g.*, *Wah Hung Int'l Mach., Inc. v. Valley Custom Tire, Inc.*, No. CV 11-4178 RSWL (PLAx), 2013 WL 12141344, at *5 (C.D. Cal. Jan. 17, 2013) (granting summary judgment of invalidity of design patent, despite the fact that the prior art wheel "contains a set of rivets lining the inside of the wheel," because "an ordinary observer would find that the two wheels are substantially the same").

11

***Moreover, it is fundamental that—"that which infringes, if later, anticipates, if earlier."*** *Colida v. Sony Corp.*, 70 F.3d 130 (Fed. Cir. 1995). Defendant itself has alleged that the CWI Visor infringes the '010 Patent (*see* Compl. ¶ 43), and thus is "substantially similar" under the ordinary observer test. *Egyptian Goddess*, 543 F.3d at 679. However, the CWI Visor was "on sale" for more than four years prior to the "effective filing date" of the '010 Patent. The CWI Visor has been on sale since at least July 2014. (Compl. ¶¶ 19–21; ECF Nos. 1-3 & 1-4.) The Application for the '010 Patent was filed on November 19, 2018 and does not claim priority to any earlier date. (Compl. ¶ 22; ECF No. 1-1.) Thus, based on Defendant's own admission, the '010 Patent is invalid as anticipated by the CWI Visor under the on-sale bar. *See* 35 U.S.C. § 102(a)(1).

Nonetheless, in an abundance of caution, Defendant provides a full analysis under the "ordinary observer" test below.[3]

### 2.    The Design Claimed by the '010 Patent Is Substantially Similar to the CWI Visor

With respect to the first step of the anticipation analysis, the Court need not engage in any complex claim construction. "***Design patents are typically claimed as shown in drawings***, and claim construction must be adapted to a pictorial setting." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010). Thus, trial courts are not required "to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents." *Egyptian Goddess*, 543 F.3d at 679. "***As a rule, the illustration in the drawing views is its own best description***." *Crocs, Inc.*, 598 F.3d at 1303. Therefore, the Court should construe the claims as shown in the figures of the '010 Patent, which claims "[t]he ornamental design for a vehicle visor, as shown and described":

---

[3] To the extent the Court finds that the design claimed by the '010 Patent is ***not*** substantially similar to the CWI Visor, CWI respectfully requests a default judgment of no infringement.

In applying the ordinary observer test, the '010 Patent and CWI Visor are identical. The '010 Patent for a vehicle visor features two visors attached to a central holder.  The central holder contains a curved mount for attachment to an existing sun visor in the vehicle.  The CWI Visor has these exact same features, using the exact same design:

| **'010 Patent** | **CWI Visor** |
|:---:|:---:|

FIG. 1

FIG. 2

| **'010 Patent** | **CWI Visor** |
|---|---|
|  FIG. 3 |  |
|  FIG. 4 |  |
|  FIG. 5 |  |

**'010 Patent**　　　　　　　　　　**CWI Visor**



(Declaration of Joshua Ausch, Ex. A.)

Thus, to an "ordinary observer, giving such attention as a purchaser usually gives, [the] two designs are substantially the same." *Int'l Seaway*, 589 F.3d at 1239.  Accordingly, the '010 Patent is invalid as anticipated in light of the CWI Visor.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order finding that the '010 Patent is invalid pursuant to 35 U.S.C. § 102, and for such other and further relief as the Court deems just and proper.


Dated: July 23, 2021                    Respectfully submitted,

OF COUNSEL:                      /s/ Craig C. Reilly
Tuvia Rotberg                      Craig C. Reilly (VSB No. 20942)
Sandra A. Hudak                    THE OFFICE OF CRAIG C. REILLY, ESQ.
TARTER KRINSKY & DROGIN LLP        209 Madison Street, Suite 501
1350 Broadway                      Alexandria, VA 22314
New York, NY  10018                Tel.:    (703) 549-5354
Tel.:    (212) 216-8000            Fax:    (703) 549-5355
Fax:    (212) 216-8001             E-mail:  craig.reilly@ccreillylaw.com
E-mail:  trotberg@tarterkrinsky.com
         shudak@tarterkrinsky.com   **Attorneys for Plaintiff Comfort Wheels Inc.**


16

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of the foregoing and a copy of the Notification of Electronic Filing were sent to the Defendant by first class mail and email at the following addresses:

> Shenzhen Miruisi Technology Co., Ltd.
> Room 3629, Bingjiang Building No.14
> Badeng Street
> Nanyuan, Futian, Shenzhen, China
> abroad@51reg.cn
> pair@jumpy-ip.com
> chew@jumpy-ip.com
> nancy-zheng@jumpy-ip.com
> PISZYRXRE@YAHOO.COM

/s/ Craig C. Reilly
Craig C. Reilly (VSB No. 20942)
THE OFFICE OF CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Tel.:        (703) 549-5354
Fax:        (703) 549-5355
E-mail:    craig.reilly@ccreillylaw.com

**Attorneys for Plaintiff Comfort Wheels Inc.**

17