IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COMFORT WHEELS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21cv0556 (TSE/JFA) |
| ) | |
| SHENZHEN MIRUISI TECHNOLOGY ) | |
| CO., LTD., ) | |
| ) | |
| Defendant. ) | |

### **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 13). In this motion, plaintiff Comfort Wheels Inc. ("plaintiff" or "CWI") seeks entry of default judgment against defendant Shenzhen Miruisi Technology Co., Ltd. as to the first cause of action in the complaint. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### **Procedural Background**

On May 3, 2021, plaintiff filed a complaint against defendant for a declaratory judgment of non-infringement and patent invalidity (Count I) and a declaratory judgment of non-infringement and unenforceability (Count II), and alleging tortious interference with contract and business relations (Count III) and defamation (Count IV). (Docket no. 1). On May 6, 2021, plaintiff filed a motion to permit alternative service of process (Docket no. 4), which the court granted on May 12, 2021 (Docket no. 6). A summons was issued for service of process on May 14, 2021. (Docket no. 8). On May 21, 2021, plaintiff filed a declaration of Sandra A. Hudak

regarding service process in which Ms. Hudak affirmed that she served copies of the summons, complaint, and order permitting alternative service of process to defendant by attaching copies of those documents to an email sent to email addresses plaintiff had identified as being associated with defendant. (Docket no. 9). Ms. Hudak also affirmed that she had arranged for a notice of the cause of action to be published in *The Washington Post*, had confirmed that the notice was published in *The Washington Post*, and had received a "proof of publication" that the notice was published in *The Washington Post*. *Id.* Plaintiff also attached copies of the email, *The Washington Post* webpage with the notice, and the proof of publication to Ms. Hudak's declaration. (Docket nos. 9-1–3).

On July 2, 2021, plaintiff filed a request for Clerk's entry of default (Docket no. 10), and on July 8, 2021, filed a declaration of Ms. Hudak in support of the request for Clerk's entry of default (Docket no. 11). The Clerk of Court entered default on July 12, 2021. (Docket no. 12). On July 23, 2021, plaintiff filed a motion for default judgment, a memorandum in support, and a notice of hearing for August 20, 2021 at 10:00 a.m. (Docket nos. 13–15). The motion for default judgment seeks a judgment in plaintiff's favor as to Count I of the complaint and a dismissal without prejudice as to Counts II, III, and IV. (Docket no. 13-1). At the hearing on August 20, 2021, counsel for plaintiff appeared but no one appeared on behalf of defendant.

### Factual Background

The following facts are established in the complaint. (Docket no. 1) ("Compl."). Plaintiff is an online retailer of vehicle visors and sells its products on online platforms including the Amazon Marketplace. (Compl. ¶¶ 4, 11). Plaintiff has a contractual and business relationship with Amazon and derives a significant portion of its business from selling its products on Amazon's platform. (Compl. ¶¶ 16–17). Defendant, a foreign corporation, owns the

2

D892,010 patent ("'010 patent"). (Compl. ¶¶ 1, 7). Defendant did not provide a written designation stating the name and address of a person residing in the United States who could receive service of process or notice of proceedings affecting the patent or rights thereunder pursuant to 35 U.S.C. § 293. (Compl. ¶ 7).

Plaintiff has been selling vehicle visors online since July 2014 and has sold one visor (the "CWI Visor") on eBay and Amazon since approximately July 2014. (Compl. ¶¶ 19–21). Defendant filed an application for the '010 patent with the United States Patent and Trademark Office ("USPTO") on November 19, 2018 (the "Application"). (Compl. ¶ 22). Defendant did not disclose to the USPTO during the prosecution of the '010 patent that third parties were selling vehicle visors bearing the design claimed in the Application prior to November 19, 2017. (Compl. ¶ 29). The '010 patent issued on August 4, 2020 claims the ornamental design of a vehicle visor that is identical to the design of plaintiff's CWI Visor. (Compl. ¶ 30).

Defendant either sells vehicle visors on e-commerce platforms such as Amazon or sells vehicle visors to third parties who resell them on Amazon. (Compl. ¶ 32). On or about January 29, 2021, defendant, acting through its agent Luke Wei, filed or caused to be filed a complaint with Amazon alleging the CWI Visor infringed on the '010 patent. (Compl. ¶ 43). This complaint caused Amazon to take down plaintiff's listing for the CWI Visor, resulting in immediate loss of revenue and profits for plaintiff. (Compl. ¶¶ 21, 47, 50).

## Proposed Findings and Recommendations

Federal Rule of Civil Procedure 55 provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a

responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this action for a declaratory judgment is properly before the court pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331 and 1338. (Compl. ¶ 5). Plaintiff contends that defendant's '010 patent is invalid pursuant to 35 U.S.C. § 102(a). (Compl. ¶ 57). Pursuant to 28 U.S.C. § 2201, *et seq.*, the court may declare the rights and other legal relations of the interested parties in a case of actual controversy within its jurisdiction.

The court has personal jurisdiction over defendant pursuant to 35 U.S.C. § 293 because defendant is a non-resident patentee who did not designate a person in the United States on whom process may be served. (Compl. ¶ 7). As to non-resident patentees who have not designated a person in the United States on whom process may be served, pursuant to 35 U.S.C. § 293, the United States District Court for the Eastern District of Virginia has "the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." Defendant, a foreign corporation, owns the '010 patent. (Compl. ¶¶ 1, 7). Defendant did not provide a written designation stating the name and address of a person residing in the United States who could receive service of

process or notice of proceedings affecting the patent or rights thereunder. (Compl. ¶ 7). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because defendant is subject to personal jurisdiction in this court under 35 U.S.C. § 293. For these reasons, the undersigned recommends a finding that the court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

If no resident has been designated to accept service of process on behalf of a non-resident patentee, the summons for a proceeding affecting the patent or the patentee's rights shall be served by publication or otherwise as the court directs. *See* 35 U.S.C. § 293.

On May 6, 2021, plaintiff filed a motion to permit alternative service of process. (Docket no. 4). In its memorandum in support of its motion to permit alternative service of process, plaintiff established good cause to believe that defendant did not reside in the United States and did not designate a person in the United States to receive service of process. (Docket no. 5 at 3–6). Plaintiff requested leave to serve defendant by publication and by email to email addresses associated with defendant. *Id.* at 3. On May 12, 2021, the court granted plaintiff's motion to permit alternative service of process, permitting plaintiff to serve defendant by emailing copies of the summons and complaint to email addresses associated with defendant, and by publishing a single notice of this action in *The Washington Post*. (Docket no. 6). On May 21, 2021, plaintiff filed a declaration of Sandra A. Hudak in which she affirmed that she served defendant copies of the summons, complaint, and the court's May 12, 2021 order to email addresses associated with defendant on May 17, 2021. (Docket no. 9 at 1). Ms. Hudak affirmed that she received no bounce-back emails in response. *Id.* Ms. Hudak also affirmed that she had a notice of this action published in *The Washington Post* on May 17, 2021, which she verified by accessing the public

5

notices webpage for *The Washington Post*. *Id.* at 2. A proof of publication was also delivered to Ms. Hudak's office on May 20, 2021. *Id.* Based on the foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

In accordance with Federal Rule Civil Procedure 12(a), defendant was required to file a responsive pleading by June 7, 2021, twenty-one (21) days after plaintiff served defendant by email and publication as instructed by the court. No responsive pleading has been filed and the time for doing so has expired. On July 2, 2021, plaintiff filed a request for entry of default (Docket no. 10) and on July 8, 2021, plaintiff filed a declaration in support of the request for entry of default (Docket no. 11). The Clerk of Court entered a default against defendant on July 12, 2021. (Docket no. 12).

Accordingly, the undersigned recommends a finding that defendant was properly served, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to defendant.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant is in default, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *GlobalSantaFe Corp.*, 250 F. Supp. 2d at 613 n.3.

#### Patent Invalidity

Design patents may be issued to anyone who "invents any new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171. A person is not entitled to a patent if the claimed invention was "in public use, on sale, or otherwise available to the public before the

6

effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1). The test for determining if a patent is invalid because the claimed invention was already in public use or on sale is whether "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237–40 (Fed. Cir. 2009).

The undersigned recommends a finding that the '010 patent is substantially the same as the CWI Visor. Regarding design patents, trial courts are not required to provide "a detailed verbal description of the claimed design," instead pictures of the actual product and the design claimed in the patent may be compared. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679–80 (Fed. Cir. 2008). Below is a comparison of the CWI Visor and the design claimed in the '010 patent:

| '010 Patent | CWI Visor |
|---|---|
|  |  |

'010 Patent | CWI Visor

FIG. 2

FIG. 3

FIG. 4

FIG. 5



(*See* Docket nos. 1-1–2; 14 at 17–19; 14-1). A comparison of the drawings of the design claimed in the '010 patent and the pictures of the CWI Visor demonstrate that they are substantially the same in the eye of an ordinary observer such that one could purchase one supposing it to be the

9

other. Accordingly, given that the '010 patent application was filed in 2018, and the CWI Visor had been available to the public for sale since 2014, the undersigned recommends a finding that the '010 patent is invalid.

### Relief

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. 2201 *et seq.* as to Count I of the complaint. Plaintiff requests the court enter an order finding "that United States Design Patent No. D892,010 . . . is invalid pursuant to 35 U.S.C. § 102, as anticipated by plaintiff's vehicle visor product bearing the design claimed in the '010 patent that was on sale for years prior to the '010 patent's priority date." (Docket no. 13 at 1–2).

### Declaratory Judgment

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration," regardless of whether "further relief is or could be sought." 28 U.S.C. § 2201(a). Two conditions must be satisfied for a court to have jurisdiction to issue a declaratory judgment: 1) "the dispute must be a 'case or controversy'" pursuant to Article III of the United States Constitution; and 2) "the trial court, in its discretion, must be satisfied that declaratory relief is appropriate." *Carfax, Inc. v. Red Mountain Techs*, 119 F. Supp. 3d 404, 417 (E.D. Va. 2015) (citing *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 913 F.2d 165, 167 (4th Cir. 1990)). To satisfy the case-or-controversy requirement, the declaratory action must stem from a "definite and concrete [dispute], touching the legal relations of parties having adverse legal interests," that is "'real and substantial' and 'of a conclusive character.'" *Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cty., Va.*, 355 F. Supp. 3d 386, 402–03 (E.D. Va. 2018) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). The court, in its discretion, also

10

considers 1) "whether the judgment will serve a useful purpose in clarifying the legal relations in issue"; or 2) "whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *White*, 913 F.2d at 168 (internal quotation marks omitted) (quoting *Nat'l R.R. Passenger Corp. v. Consolidated Rail Corp.*, 670 F. Supp. 424, 431 (D.D.C. 1987)).

Defendant's report of patent infringement by the CWI Visor to Amazon caused Amazon to take down plaintiff's listing for the CWI Visor, resulting in immediate loss of revenue and profits for plaintiff. (Compl. ¶¶ 21, 43, 47, 50). This created a concrete, real and substantial dispute between plaintiff and defendant that touched on their legal interests regarding the validity of any design patent that was substantially the same as the CWI Visor. Plaintiff and defendant have adverse legal interests because defendant's '010 patent claims a design that is substantially the same as plaintiff's CWI Visor. The determination of the validity of defendant's '010 patent will conclusively resolve the dispute of whether plaintiff has the right to continue selling its CWI Visor. Accordingly, the undersigned recommends a finding that this declaratory action satisfies the case-or-controversy requirement.

Resolving this dispute will likely allow plaintiff to prevent defendant from using the '010 patent to claim that plaintiff's CWI Visor infringes on defendant's intellectual property. Plaintiff will therefore likely no longer be inhibited by defendant from selling the CWI Visor on Amazon. Securing the invalidity of the '010 patent will also likely allow plaintiff to prevent defendant from interfering with its ability to sell the CWI Visor on any other internet marketplaces, relieving plaintiff from the insecurity, uncertainty, and controversy arising from defendant's use of the '010 patent against plaintiff. Accordingly, the undersigned recommends a finding that resolving this dispute will serve a useful purpose in clarifying the legal relations in issue.

Accordingly, the undersigned recommends that the court declare the '010 patent invalid.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Comfort Wheels Inc. and against Shenzhen Miruisi Technology Co., Ltd. ("defendant") and that a declaratory judgment be issued finding that defendant's D892,010 design patent is invalid for failure to comply with 35 U.S.C. 102(a)(1), and that Counts II, III, and IV of the complaint be dismissed without prejudice.

## Notice

Plaintiff is directed to email a copy of this proposed findings of fact and recommendations to defendant's associated email addresses. By means of the court's electronic filing system and upon confirmation that plaintiff has emailed a copy of this proposed findings of fact and recommendations to defendant's associated email addresses, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 20th day of August, 2021.

/s/ *JGA*
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia